UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
:
ROGER McFARLANE,                          :     13 Civ. 4979 (DLC)
           Petitioner,                    :     11 Cr. 338-01 (DLC)
                                          :
          -v-                             :     OPINION AND ORDER
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
           Respondent.                    :
                                          :
-----------------------------------------X

APPEARANCES

For the Petitioner:

Roger McFarlane, pro se
No. 78221-083
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986


For the Respondent:

Janis Echenberg, and Jonathan Cohen
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, NY 10007


DENISE COTE, District Judge:

On July 16, 2013, Roger McFarlane ("McFarlane") filed a petition pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus. McFarlane asserts that his defense counsel provided ineffective assistance of counsel to him. For the following reasons, his petition is denied.

BACKGROUND

Following his arrest in December 2010, on April 13, 2011 McFarlane was indicted on one count of conspiracy to distribute 1,000 kilograms of marijuana, occurring from on or about 2008 to December 2, 2009, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). On April 27, a Criminal Justice Act attorney was appointed to represent McFarlane.

On August 18, a superseding indictment was filed, charging McFarlane -- along with Jason Dibari, Corey Daiker, Richard Cunnius, and Thomas Green, Jr. -- with one count of conspiracy to distribute 1,000 kilograms of marijuana, occurring from on or about 2008 to January 2010, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). On August 23, trial was scheduled to begin on March 12, 2012. On or about October 27, Steven E. Savage was retained by petitioner and filed a notice of appearance. On December 9, the Court approved this substitution of counsel.

All four co-defendants, but not McFarlane, moved to sever their trials from each other. By Order of February 9, 2012, the Court denied severance as premature. As it had not yet been determined which co-defendants would proceed to trial, it was not necessary to determine at the time whether severance should be granted. A second superseding indictment, filed on February 10, extended the period of time for the conspiracy as occurring from on or about from 2006 to January 2010.

As of March 1, 2012, the date of the final pretrial conference, all four co-defendants had pleaded guilty. Following the conference during which the Court made various rulings, McFarlane agreed to plead guilty to the lesser included offense of conspiracy to distribute 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), in return for the Government dropping the § 841(b)(1)(A) charge. Additionally, under the terms of his plea agreement with the Government, McFarlane agreed to waive his right to appeal or pursue post-conviction remedies so long as his sentence did not exceed 108 months of imprisonment.

That same day, McFarlane entered his plea of guilty. After swearing McFarlane in and determining that he was competent to plead guilty, the Court confirmed that McFarlane had been adequately advised by his counsel of the consequences of pleading guilty:

> Court: Have you had a sufficient opportunity to discuss with [defense counsel] the charge to which you'll be pleading guilty, any defenses you have to that charge, and the consequences to you of entering a plea of guilty?
>
> Defendant: Yes, your Honor.
>
> Court: Are you satisfied with the representation your attorney has given you?
>
> Defendant: Yes, your Honor.

The Court also addressed the terms of the plea agreement.

Court: Now, I understand there is a plea agreement between you and the government. Do you have a copy of it in front of you right now?

Defendant: Yes.

. . .

Court: Did you sign this today?

Defendant: Yes

Court: Before signing it, did you read it?

Defendant: I went over it with my attorney.

Court: Did you read the entire document?

Defendant: We went over it together, yes, your Honor.

Court: The entire document?

Defendant: Yes.

Court: Okay. Do you want an opportunity to go over -- to read it again?

Defendant: No, your Honor.

Court: Okay. Now when you signed this document, did you think you understood it?

Defendant: No -- I know it was -- yes, he explained it to me, your Honor.

Court: Okay. I know it has a lot of complicated terms and references. But did you think when you signed the document that you'd understood the essential components of the document?

Defendant: Yes, your Honor.

Court: Okay. Let me go over some of those with you just to make sure.

. . .

> Court: You understand that by signing this agreement, you have given up your right to appeal or challenge or litigate your sentence, so long as I don't sentence you to more than 108 months in prison? Do you understand that?
>
> Defendant: Yes, your Honor.

McFarlane's plea of guilty to the lesser included offense was accepted.

On July 10, 2012, McFarlane was sentenced principally to 72 months' imprisonment. The sentence of 72 months imprisonment represented a variance from the defendant's sentencing guidelines range of 87 to 108 months. At the conclusion of the sentencing hearing, the Court advised McFarlane as follows:

> Now, Mr. McFarlane, I need to advise you of your right to appeal. I don't know of any ground for appeal. You pled guilty. You signed a plea agreement with the government that largely gave up your right to appeal. Nonetheless, I'm required by law to advise you of the following: If you're unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. Any notice of appeal must be filed within 14 days of the judgment of conviction.

Additionally, in arguing for an acceptance of responsibility reduction at the sentencing hearing, McFarlane's defense counsel stated that he had been authorized from the outset of his representation to resolve this case without a trial. Defense counsel later stated that there was "never a moment where my client was insisting on his day in court or anything like that."

On July 16, 2013, McFarlane filed, pro se, a petition

5

pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus, seeking to vacate, set aside, or correct his sentence. The petition was fully submitted on January 13, 2014.

DISCUSSION

All of the claims in McFarlane's habeas petition relate to acts of alleged ineffective assistance of counsel. The standard for an ineffective assistance of counsel claim is well settled:

> In order to succeed on a claim of ineffective assistance of counsel, a claimant must meet the two-pronged test established by [Strickland v. Washington, 466 U.S. 668 (1984)]: (1) he must show that counsel's performance was deficient, so deficient that, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance; and (2) he must show that the deficient performance prejudiced the defense, in the sense that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (citation omitted). The performance inquiry requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 687). This requires a petitioner to overcome the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." Id. The prejudice inquiry in this

context requires that a petitioner "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Premo v. Moore, 131 S. Ct. 733, 743 (2011) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

The petitioner faces a "highly demanding" burden in meeting the Strickland standard. Bennett v. United States, 663 F.3d 71, 85 (2d Cir. 2011). "The [ineffective assistance of counsel] claim must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." Id.

McFarlane raises three claims in his habeas petition of ineffective assistance of counsel. First, McFarlane alleges that his defense counsel failed to investigate because, after receiving payment in full, counsel became elusive and unresponsive to McFarlane and McFarlane's family. McFarlane alleges that his defense counsel failed to follow-up on any of the information he provided and instead relied on the investigation conducted by co-counsel. Second, McFarlane alleges that his defense counsel failed to advise him of his right to appeal and to post-conviction remedies and that, after sentencing, counsel did not consult, advise, or explain any post-conviction remedies available to him. Third, McFarlane alleges that his defense counsel failed to pursue a motion to sever, which had been filed by previous counsel and which

7

McFarlane had requested.

The Government makes multiple arguments in response, many of which are based on an affidavit by defense counsel defending the adequacy of his performance. It is not necessary to address any of these performance-related arguments. McFarlane has failed to meet his burden to demonstrate prejudice on each of his three claims. Because ineffectiveness claims must be rejected if the petitioner fails to meet either prong of the <u>Strickland</u> test, McFarlane's petition for a writ of habeas corpus is denied.

As to the first claim, McFarlane fails to identify any issue that would have been discovered by defense counsel through a reasonable investigation, the discovery of which would have, by a reasonable probability, led McFarlane not to plead guilty. Indeed, the existence of such an issue is highly unlikely in light of defense counsel's representation at sentencing that McFarlane intended to plead guilty from the outset. Accordingly, even if defense counsel's performance was objectively unreasonable, McFarlane he has failed to meet his burden in alleging prejudice from such performance.

As to the second claim, McFarlane was not prejudiced by the alleged failure of his counsel to advise him of his right to appeal. As quoted above, this Court advised McFarlane of his right to appeal at the conclusion of his sentencing hearing.

8

McFarlane does not assert that he asked his counsel to file a notice of appeal. Accordingly, having been advised by the Court of his right to appeal and having nevertheless failed to pursue any such appeal, McFarlane cannot demonstrate that, had his defense counsel advised him of his right to appeal, there is a reasonable probability of a different outcome.

Finally, as to the third claim, McFarlane was not prejudiced by his defense counsel's decision not to file a motion for severance. Such a motion would have had no effect on the outcome of these proceedings. Were such a motion filed prior to the date of the final pretrial conference on March 1, 2012, the motion would have been dismissed as premature, as were the motions filed by McFarlane's co-defendants. And because all of McFarlane's co-defendants decided to plead guilty prior to the final pretrial conference, and thus McFarlane was the only defendant proceeding to trial, a motion to sever filed on that date would have been unnecessary.

McFarlane argues in response that he is entitled to an evidentiary hearing to resolve disputed factual issues. McFarlane submits an affidavit in which he contends that defense counsel's affidavit regarding his performance is "false in it's [sic] entirety."

The right to an evidentiary hearing in a § 2255 proceeding is limited. Although a district court is required to hold a

hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), "[t]o warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." Gonzalez, 722 F.3d at 131 (citation omitted). Section 2255 "does not imply that there must be a hearing where the allegations are vague, conclusory, or palpably incredible." Id.

No evidentiary hearing is required in this case. McFarlane has not raised with sufficient specificity any disputes with regard to issues that relate to the performance prong of his ineffectiveness claims. But, more significantly for this Opinion, he has raised no factual dispute with regard to issues that relate to the prejudice prong. Because the undisputed facts establish that McFarlane has failed to prove prejudice on his asserted claims, the motion papers "conclusively show that the prisoner is entitled to no relief" in this case. 28 U.S.C. § 2255(b).

CONCLUSION

McFarlane's July 6, 2013 petition for a writ of habeas corpus is denied. In addition, a certificate of appealability shall be not granted. The petitioner has not made a substantial

10

showing of a denial of a federal right and appellate review is, therefore, not warranted. <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d Cir. 1998); <u>Rodriquez v. Scully</u>, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

SO ORDERED:

Dated: New York, New York
February 26, 2014

*Denise Cote*
DENISE COTE
United States District Judge